UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Case No: B-1180450 C-13D |
| **NATHANIEL BROOKS, SR.,** | ) | |
| **BARBARA L. BROOKS,** | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |

## OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtors' plan pursuant to 11 U.S.C. §1325 and shows unto the Court the following:

1. The Debtors filed a petition under Title 11 of the United States Code, Chapter 13, on March 17, 2011, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On March 17, 2011, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The plan filed by the Debtors proposes a monthly payment of $2,369.00 for a period of at least 36 months. There is no required return to unsecured creditors. The Debtors list unsecured debt of approximately $76,961.37 in Schedule "F".

5. The Debtors propose to retain and pay for a timeshare. Payments to Festiva Management Group ("Festiva") for the mortgage and maintenance fees on the timeshare at Atlantic Beach are to be paid directly by the Debtors to Festiva in the total amount of $158.32 per month.

6. Because the Debtors' CMI does not exceed the median income figure for a family of the same size in North Carolina, section 1325(a)(3) is not used to determine the amount of the Debtors' reasonable and necessary deductions and the Debtors' disposable income, if any. Instead, the Debtors' disposable income is calculated by reference, in part, to income and expenses listed in Schedules I and J.

7. The applicable commitment period in this case is thirty-six months. 11 U.S.C. §1325(b)(4).

8. The Trustee objects to confirmation of the Debtors' plan in that the Debtors are not devoting all of their projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b). The timeshare does not constitute a reasonable or necessary expense. The timeshare should be released and the funds devoted to payment of the same should be directed instead to unsecured creditors.

9. The Trustee objects to confirmation of the Debtors' plan in that retention of the timeshare and payment of the same while paying no dividend to unsecured creditors shows that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3).

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtors' plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §§1325(b) and 1325(a)(3), and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. For such other and further relief as the Court may deem just or proper.

This the 20th day of May, 2011.

                                                s/Benjamin E. Lovell
                                                Benjamin E. Lovell
                                                Attorney for the Trustee
                                                State Bar No: 23266
                                                P.O. Box 3613
                                                Durham, N.C. 27702
                                                Telephone: (919) 688-8065

## CERTIFICATE OF SERVICE

       This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Nathaniel & Barbara Brooks, Sr., 1007 Brandon Rd., Durham, NC 27713, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

       This 20th day of May, 2011.

       s/Benjamin E. Lovell
       Benjamin E. Lovell, Esq.
       Attorney for the Standing Trustee

3

Case 11-80450   Doc 18   Filed 05/20/11   Page 3 of 3